UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NO. **26-0600**

DARTANIAN JOHN SANDERS,       *
1746 McArthur Drive
Slidell, LA 70460      *
         Plaintiff,
         *
v.      *

     *      JUDGE **SECT. JMAG. 3**

CITY OF BOGALUSA, LA.      *
Bogalusa City Hall
214 Arkansas Ave.      *
Bogalusa, LA 70427

     *      MAGISTRATE _____

ROBERT A. NEILSON      *
in his official and individual capacities,
Bogalusa City Hall      *
214 Arkansas Ave.
Bogalusa, LA 70427      *      JURY DEMANDED
         Defendants.

**COMPLAINT**

INTRODUCTION

1. This is a § 1983 case asserting that state and local officials violated plaintiff's Fourth Amendment rights by seizing certain items of personal property when he was terminated from employment with the City of Bogalusa. The defendants acted without a warrant or probable cause, but unlike most Fourth Amendment cases, plaintiff was not arrested or charged with a

crime at the time of the seizure or since. The defendants who refused to return plaintiff's property also violated his Fourteenth Amendment due process rights.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367 and because this case raises claims under 42 U.S.C. § 1983 for violation of constitutional rights.

## VENUE

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because at least one defendant resides within the district and a substantial part of the events and omissions giving rise to this claim arose herein.

## PARTIES

4. Plaintiff Dartanian John Sanders is a citizen of the United States and a resident of Louisiana.

5. Defendant City of Bogalusa, Louisiana is a municipal entity.

6. Defendant Robert A. Neilson is the Fiscal Administrator for the City of Bogalusa. He is sued in his official and individual capacities.

## FACTS

9. Plaintiff was the Manager of the Bogalusa Airport and the Director of Compliance for the City of Bogalusa until March 3, 2025.

10. Late in the afternoon of March 3, 2025, newly appointed Fiscal Administrator Robert A. Neilson strode into plaintiff's office at the Airport and ordered plaintiff to "get out" and not to take anything with him. Neilson was accompanied by high-ranking members of the Bogalusa

2

Police Department, including Chief James Smith, Assistant Chief Troy Tervalon and Chief of Patrol Michael Bracey.

11. Plaintiff left his office and was told to drive his City vehicle to Bogalusa City Hall to receive a termination letter from the Director of Human Services, Leslie Pittman. The termination letter cited "budget restraint" as the reason for plaintiff's discharge. Thereafter, plaintiff was driven back to the Airport by a patrol officer to pick up his personal vehicle.

12. Upon arrival at the Airport, however, Chief Smith ordered the patrolman to turn around and bring plaintiff back to Bogalusa City Hall. Upon arrival, he was commanded to go into an office where Chief Smith and Assistant Chief Tervalon awaited him. Assistant Chief Tervalon told plaintiff to empty his pockets. Plaintiff asked if he was under arrest. He was told he was not. Thereupon, plaintiff removed personal property consisting of two thumb drives and a hard drive from his pockets. Assistant Chief Tervalon took possession of these items.

13. In addition, Major Bracey seized a personal folder with several personal papers. Plaintiff asked Mr. Neilson to return the papers to no avail.

14. At that point, plaintiff was allowed to leave and was driven back to his vehicle at Bogalusa City Airport.

15. Plaintiff identified and reported **financial misconduct, irregularities, and ethics violations**.

16. Plaintiff engaged in **protected whistleblower activity**.

17. Plaintiff is African American and was subjected to:

- Racial discrimination
- Hostile work environment
- Harassment

18. Defendant Neilson retaliated against Plaintiff by:
　　　　i. Directing harassment

3

ii. Influencing law enforcement

iii. Targeting Plaintiff for termination

19. On March 3, 2025, Plaintiff was terminated under pretextual justification.

20. Plaintiff was subjected to **unlawful search and seizure,** including confiscation of personal property without warrant or probable cause.

21. Plaintiff's wages, pay records, and employment documents were withheld.

22. Plaintiff was improperly required to pay for access to his own employment records.

23. Plaintiff was harassed by law enforcement under Defendants' direction.

24. Plaintiff suffered:

- Loss of wages
- Loss of business income
- Emotional distress
- Reputational harm

25. In the year since the seizure of his property, plaintiff has not been charged with a crime or informed that he was the target of an investigation.

## CLAIMS FOR RELIEF

## Count II

### Violation of 42 U.S.C. § 1981 (Race Discrimination and Retaliation)

26. Plaintiff incorporates all preceding paragraphs.

27. Defendants intentionally discriminated against Plaintiff based on race and retaliated against him.

1. 28. Claims under §1981 are analyzed under Title VII frameworks.
   See *LaPierre v. Benson Nissan, Inc.,* **86 F.3d 444 (5th Cir. 1996).**
2. Retaliation is actionable under §1981.
   See *CBOCS West, Inc. v. Humphries,* **553 U.S. 442 (2008).**

4

3. Plaintiff's race was a motivating factor in Defendants' actions.
   See *Body by Cook, Inc. v. State Farm*, **869 F.3d 381 (5th Cir. 2017).**

---

# COUNT II

## Violation of Title VII (42 U.S.C. §§ 2000e-2(a), 2000e-3(a))

4. Plaintiff engaged in protected activity.

5. Plaintiff suffered adverse employment action.

6. A causal connection exists between the two.

7. Prima facie retaliation standard:

   See *McCoy v. City of Shreveport*, **492 F.3d 551 (5th Cir. 2007).**

8. Temporal proximity supports causation:

   See *Porter v. Houma Terrebonne Hous. Auth.*, **810 F.3d 940 (5th Cir. 2015).**

9. Race discrimination is prohibited under Title VII:

   See *Alvarado v. Tex. Rangers*, **492 F.3d 605 (5th Cir. 2007).**

---

# COUNT III

10. Violation of 42 U.S.C. § 1983 – First Amendment Retaliation

11. Plaintiff spoke on matters of public concern.

12. Public corruption speech is protected:

    See *Lane v. Franks*, **573 U.S. 228 (2014).**

13. Elements of First Amendment retaliation:

    See *Charles v. Grief*, **522 F.3d 508 (5th Cir. 2008).**

5

14. Speech must be outside ordinary duties:

See *Davis v. McKinney*, 518 F.3d 304 (5th Cir. 2008).

---

## COUNT IV

15. Violation of 42 U.S.C. § 1983 – Fourth Amendment

16. Defendants conducted unlawful search and seizure.

17. Warrantless seizures violate the Fourth Amendment:

See *Soldal v. Cook County*, 506 U.S. 56 (1992).

18. Property seizure requires probable cause:

See *United States v. Jacobsen*, 466 U.S. 109 (1984).

19. Fifth Circuit recognizes §1983 liability:

See *Brewster v. Dretke*, 587 F.3d 764 (5th Cir. 2009).

---

## COUNT V

20. Violation of 42 U.S.C. § 1983 – Fourteenth Amendment

21. Plaintiff was denied equal protection and due process.

22. Equal Protection violation standard:

See *Washington v. Davis*, 426 U.S. 229 (1976).

23. Discriminatory intent standard:

See *Arlington Heights*, 429 U.S. 252 (1977).

6

24. Due process requirements:

See *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

25. Fifth Circuit due process precedent:

See *Alexander v. Ieyoub*, 62 F.3d 709 (5th Cir. 1995).

26. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

# COUNT VI

27. Municipal Liability (Monell)

28. The City is liable for constitutional violations caused by policy or policymakers.

29. Municipal liability standard:

See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

30. Policymaker liability:

See *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

31. Fifth Circuit framework:

See *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001).

32. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

# COUNT VII

33. Violation of 31 U.S.C. § 3730(h) (Whistleblower Retaliation)

34. Plaintiff engaged in protected activity related to fraud.

35. FCA retaliation standard:

See *United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318 (5th Cir. 2017).

36. Elements of FCA retaliation:

See *Robertson v. Bell Helicopter*, **32 F.3d 948 (5th Cir. 1994).**

## COUNT VIII

37. Louisiana Whistleblower Law (La. R.S. 23:967)

38. Plaintiff reported illegal acts and was retaliated against.

39. Louisiana whistleblower precedent:

See *Hale v. Touro Infirmary*, **886 So.2d 1210 (La. App. 4 Cir. 2004).**

## COUNT IX

40. Louisiana Employment Discrimination Law (La. R.S. 23:301 et seq.)

41. Louisiana applies Title VII standards:

See *DeCorte v. Jordan*, **497 F.3d 433 (5th Cir. 2007).**

## COUNT X

42. Civil Rights Conspiracy (42 U.S.C. § 1985(3))

43. Defendants conspired to deprive Plaintiff of rights.

44. Conspiracy standard:

See *Horaist v. Doctor's Hosp.*, 255 F.3d 261 (5th Cir. 2001).

## COUNT XI

45. Failure to Prevent (42 U.S.C. § 1986)

46. Defendants failed to prevent violations.

47. §1986 standard:

See *Mississippi Women's Med. Clinic v. McMillan*, 866 F.2d 788 (5th Cir. 1989).

## JURY DEMAND

Plaintiff demands trial by jury.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Judgment in his favor

B. Compensatory damages including:

- Lost wages
- Lost benefits
- Lost business income
- Emotional distress

C. Punitive damages

9

D. Declaratory relief under **28 U.S.C. § 2201**

E. Injunctive relief

F. Attorney's fees under **42 U.S.C. § 1988**

G. Costs and interest

H. Damages of **not less than $1,000,000.00**, or as proven at trial

I. All other relief deemed just and proper

Dated: 3-18-2026                    Respectfully submitted,

Dartanian John Sanders
1746 McArthur Drive
Slidell, LA 70460
Telephone: (985) 276-9111
Email: omniopp@gmail.com

10